UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FREMGEN, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-02124 |
| | ) |
| v. | ) |
| | ) |
| ALVERNO PROVENA HOSPITAL LABORATORIES INC., | ) ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

# COMPLAINT

Plaintiff, David Fremgen ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Alverno Provena Hospital Laboratories Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit also arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), for Defendant's age-based discrimination against Plaintiff in violation of the ADEA and retaliation against Plaintiff in violation of the ADEA.

2. Moreover, this lawsuit also arises under the common law claim of retaliatory discharge for Plaintiff being terminated for engaging in protected activity under public policy and being retaliated against for doing so.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count III through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

7. A charge of employment discrimination on basis of age and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, David Fremgen resides in Cook County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Alverno Provena Hospital Laboratories Inc., is a corporation doing business in and for Cook County whose address is

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

12. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff has a Ph.D. in organic chemistry from the Illinois Institute of Technology and a nearly two decade track record of success working in laboratories.

14. Plaintiff worked for Defendant as a Medical Technologist from December 21, 2021 through May 17, 2022.

15. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class violating the ADEA.

16. At the relevant times, Plaintiff was 63 years old and is a member of a protected class because of his age whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

17. After beginning employment with Defendant, Plaintiff eventually began training with supervisor Jeannette Osaigbovo (less than 40 years old) on certain systems on January 3, 2022.

18. Unfortunately, Ms. Osaigbovo was not competent to train Plaintiff and when he(calmly and correctly) told Ms. Osaigbovo that a certain protocol she recommended may not work, Ms. Osaigbovo blew up on Plaintiff and said "a guy your age better calm down or you could have a heart attack."

19. Plaintiff was highly offended by this comment.

20. Accordingly, Plaintiff asked Ms. Osaigbovo if she had any reason to believe that

3

he was at elevated risk for a heart attack or that his health was in any way compromised due to his age.

21. Ms. Osaigbovo admitted that she did not.

22. Plaintiff then instructed Ms. Osaigbovo that she was not to make any comments about his age or his health in the future.

23. Effectively, Plaintiff engaged in protected activity under the ADEA by doing so.

24. A few days later, Plaintiff also continued his protected activity under ADEA by lodging a complaint about Ms. Osaigbovo's inappropriate comment with Richa Bedi, the director of laboratory operations.

25. Ultimately, after Ms. Bedi spoke with Ms. Osaigbovo, Ms. Osaigbovo was forced to apologize for her ageist remark to Plaintiff.

26. However, although Ms. Osaigbovo was forced to apologize, she never got over the apparent indignity of having to abase herself to an older subordinate.

27. Following Plaintiff's complaint, Ms. Osaigbovo began a campaign of retaliation, including (i) doctoring the ASME Lab Problem Specimens Log to make it seem as if Plaintiff was making errors, with the goal of manufacturing cause to terminate Plaintiff, and (ii) assigning Plaintiff-and only him-to perform undesirable work within the lab with the goal of making his life miserable.

28. It is well established that attempting to manufacture cause for termination is evidence of retaliation.

29. Furthermore, Ms. Osaigbovo issued three write ups to Plaintiff in April 2022 for alleged violations of Alverno's Quality Control procedures.

30. However, Plaintiff has reasonable belief and understanding that other lab technicians who were in their 20s and 30s actually committed the same violations that Plaintiff allegedly committed during that month and those younger similar situated employees were not reprimanded, yet Plaintiff was based on his protected activity and age.

31. Mistakes are a part of life, and every medical technician makes them. Although Alverno is within its rights to issue discipline for mistakes, it cannot discipline different groups of people differently without violating the civil rights laws

32. Plaintiff was unlawfully terminated because of his age (62) on May 11, 2022.

33. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

34. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

35. Defendant complained that Plaintiff had a conflict with a phlebotomist on or about May 6, 2022 and the phlebotomist refused to recognize his role in the alleged conflict.

36. But rather than discipline the phlebotomist (who had never complained about discrimination at Defendant), Ms. Bedi (i) continued to blame Plaintiff for the workplace conflict, and (ii) issued no discipline to the phlebotomist who actually breached protocol.

37. The May 6 incident supports Plaintiff's claims-he was picked on while employees who never complained about discrimination and who were actually making mistakes were given a free pass.

38. Nor can Defendant complain about allegedly deficient performance when it was Ms. Osaigbovo's and Ms. Bedi's own failures and refusals to correct the retaliatory atmosphere to which they subjected Plaintiff.

39. Furthermore, Plaintiff became aware of Ms. Osaigbovo fraudulently signing off on the log books under Plaintiff's name instead of her own name.

40. Plaintiff immediately reported this policy violation.

41. As a result, the retaliatory conduct against Plaintiff only continued.

42. After the incident with the phlebotomist, Defendant provoked Plaintiff to become emotionally and verbally upset, which Defendant used as a pre-text reason for termination.

43. Plaintiff was targeted for termination because of his age and reporting of fraudulent activity, which is against company policy and public policy.

44. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

45. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

46. Ultimately, Plaintiff was unlawfully terminated on the basis of his age and for engaging in protected activity under ADEA and common law effective May 17, 2022.

**COUNT I**
**Age Discrimination in Violation of the ADEA**

47. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

48. Plaintiff is an individual within the scope and meaning of the ADEA, 29 U.S.C. § 621, *et seq.*, based upon his age, 63, at the time of his unlawful termination.

49. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the ADEA.

50. Defendant's acts were intentional, with malice, and in violation of Plaintiff's

protected civil rights.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52. Defendant knew, or should have known of the unlawful discrimination and retaliation.

53. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination and retaliation.

54. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

55. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct, discriminatory actions and retaliation.

## COUNT II
### Retaliation in Violation of 29 U.S.C. § 621, *et seq.*

56. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

57. Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

58. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful age discrimination which created a sufficiently severe or pervasive work condition in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination.

60. Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory and harassing conduct complained of by Plaintiff.

61. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the age-based discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

62. Plaintiff was written up and termination on the basis of engaging in protected activity under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of ADEA.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT III
**Demand for Relief for Retaliatory Discharge**

65. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

66. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

67. Illinois common law recognizes a cause of action for retaliatory discharge.

68. Plaintiff's employment was terminated by the Defendant.

69. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity/public policy violations

70. The termination of Plaintiff's employment violates a clear mandate of public policy.

71. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

- a. Back pay with interest;
- b. Payment of interest on all back pay recoverable;
- c. Front pay;
- d. Loss of benefits;
- e. Compensatory and punitive damages;
- f. Reasonable attorneys' fees and costs;
- g. Award pre-judgment interest if applicable; and
- h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of April, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657

                                        **SULAIMAN LAW GROUP LTD.**
                                        2500 S. Highland Avenue, Suite 200
                                        Lombard, Illinois 60148
                                        Phone (331) 307-7632
                                        Fax (630) 575 - 8188
                                        ceisenback@sulaimanlaw.com
                                        *Attorney for Plaintiff*